**ORIGINAL**

# In the United States Court of Federal Claims

No. 13-502C

(Filed: March 13, 2015)

**(NOT TO BE PUBLISHED)**

**FILED**

MAR 1 3 2015

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| **THOMAS A. CRAWFORD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **UNITED STATES,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Thomas A. Crawford, *pro se*, Franklin, Massachusetts.

Michael D. Snyder, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the brief were Joyce R. Branda, Acting Assistant Attorney General, Civil Division, Robert E. Kirschman, Jr., Director, and Steven J. Gillingham, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

**OPINION AND ORDER**

LETTOW, Judge.

A judgment was entered in this case on December 11, 2013, dismissing plaintiff's military-pay complaint for failure to prosecute. The case was initially filed in the United States District Court for the District of Massachusetts, but was transferred to this court and docketed on July 23, 2013. Plaintiff was represented by counsel in the district court, but that counsel did not appear in this court. Now, plaintiff has filed a motion styled "Motion to Remove Dismissal" ("Pl.'s Mot."), ECF No. 7. The court has treated that motion as one for relief from judgment pursuant to Rule 60(b) of the Rules of the Court of Federal Claims ("RCFC"). That motion was filed on December 30, 2014. The court requested that defendant respond to plaintiff's motion for relief from judgment on or before March 3, 2015, and it has done so. *See* Def.'s Resp. to Pl.'s Mot. for Relief from Judgment ("Def.'s Opp'n"), ECF No. 10.

## BACKGROUND

In his complaint filed in district court, Mr. Crawford states that he served as a Marine for over 20 years, first as an enlisted man, then as a warrant officer, and then as a limited duty officer. Dist. Ct. Compl. ¶ 1. On June 23, 1997, Mr. Crawford (then Captain Crawford) was tried by court-martial and found guilty of larceny. Dist. Ct. Compl. ¶ 8. He was sentenced to confinement for ten years and completed that term. *Id.* During and after his incarceration, he brought a number of claims before the Board for Correction of Naval Records and the Secretary of the Navy, seeking military retirement benefits. Dist. Ct. Compl. ¶¶ 25-36.

On August 12, 2012, he filed a complaint in the United States District Court for the District of Massachusetts, which ordered the case transferred to this court on May 13, 2013. After transfer, when Mr. Crawford's counsel did not appear in this court to represent him, the court issued an order on November 7, 2013, directing plaintiff to show cause why the case should not be dismissed in accord with RCFC 41(b) for failure to prosecute. Order of Nov. 7, 2013, ECF No. 4. When no response to that order was submitted, an order of dismissal was entered on December 11, 2013, ECF No. 5, and judgment was entered the same day, ECF No. 6.

In Mr. Crawford's motion for relief from judgment, he indicates that he now wishes to appear *pro se* to represent himself. Pl.'s Mot. at 1. The government opposes this request on the ground that Mr. Crawford has not shown cause for relief from judgment under RCFC 60(b). Def.'s Opp'n at 4-5.

## STANDARD FOR DECISION

RCFC 60(b) provides for relief from final judgment in certain circumstances:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

RCFC 60(b). Motions based on the first three grounds listed in Rule 60(b) are subject to a one-year limitations period while those based on the remaining grounds must be made within a "reasonable time." RCFC 60(c)(1); *see Mendez v. United States*, __ Fed. Appx. __, 2015 WL 106585 (Fed. Cir. Jan. 8, 2015). A decision to grant reconsideration under RCFC 60(b), including a decision as to whether a motion was brought within a "reasonable time," lies within the court's discretion. *See* 12 *Moore's Federal Practice*, §60-22[1]; *see also Mendez*, __ Fed. Appx. at __, 2015 WL 106585, at *2; *Osage Tribe of Indians of Oklahoma v. United States*, 97 Fed. Cl. 345, 348 (2011) (citing *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990)).

## ANALYSIS

RCFC 60(b)(1) is not available to Mr. Crawford because he filed his motion more than a year after the entry of judgment, and Mr. Crawford in his motion did not specify any grounds falling within RCFC 60(b)(2)-(5). Thus, the motion may only be considered under RCFC 60(b)(6), which authorizes courts to grant relief from final judgments for "other reason[s]."

RCFC 60(b)(6) is typically referred to as a "catch-all" provision, allowing courts to exercise their discretion to do justice in particular cases. *See Infiniti Info. Solutions, LLC v. United States*, 93 Fed. Cl. 699, 704 (2010) (citing *Compton v. Alton S.S. Co.*, 608 F.2d 96, 106 (4th Cir. 1979)). Nonetheless, courts are limited in their ability to grant motions under this portion of the Rule. To qualify for relief, "(1) the grounds asserted for relief must not be the same as those listed in Rule 60(b)(1)-(5), and (2) there must be a valid reason that justifies affording the relief, usually broadly described as 'extraordinary circumstances.'" *Id.* (citing *Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1382 (Fed. Cir. 2002)). Mr. Crawford's motion survives the mutual exclusivity requirement of Rule 60(b)(6), so the question becomes whether he has presented evidence of extraordinary circumstances to justify relief.

To satisfy the "extraordinary circumstances" requirement, movants typically must show that they were prevented from filing for reconsideration or taking an appeal through no fault of their own. *See Mendez*, __ Fed. Appx. at __, 2015 WL 106585, at *2 ("[E]xtraordinary circumstances exist if a person can demonstrate that he was not at fault for his predicament.") (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) ("To justify relief under [Rule 60(b)(6)], a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay.")); 12 *Moore's Federal Practice*, § 60.48[3][b]. The Supreme Court has described such circumstances as "the difference between no choice and choice; imprisonment and freedom of action; no trial and trial; no counsel and counsel; no chance for negligence and inexcusable negligence." *Ackerman v. United States*, 340 U.S. 193, 202 (1950). Relief is reserved for those who have been unable to proceed with appeals or motions under RCFC 59 for reasons beyond their control. *Infiniti Info. Solutions*, 93 Fed. Cl. at 706 (citing *Bank of Am., FSB v. United States*, 70 Fed. Cl. 246, 253 n.8 (2006)). Generally speaking, parties may not use Rule 60(b)(b) as a "do-over" for failing or neglecting to raise particular issues in their initial motions or on appeals. *See id.* at 706; *see also Matthews v. United States*, 73 Fed. Cl. 524, 525 (2006) ("A motion for reconsideration is not intended . . . to

give an unhappy litigant an additional chance to sway the court.") (internal citations and quotations omitted).

Mr. Crawford has not shown that he was without fault in allowing his transferred complaint to be dismissed for failure to prosecute. The court took care to issue an order to show cause, alerting Mr. Crawford that action had to be taken to avoid dismissal, yet nothing was done. Now, in coming forward with the averment that he wishes to prosecute his case *pro se*, Mr. Crawford is too late. That step should have been taken in November or December 2013 in response to the order to show cause.

### CONCLUSION

Plaintiff's motion for relief from judgment, ECF No. 7, is DENIED.

It is so ORDERED.

_____
Charles F. Lettow
Judge